SUZUKAWA, J., Concurring.
Penal Code section 1203, subdivision (a) defines probation and a conditional sentence. Probation “means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer.” A conditional sentence “means the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to conditions established by the court without the supervision of a probation officer.” (Ibid.) The subdivision also provides that conditional *148 sentences are allowed “whenever probation is authorized in any code as a sentencing option for infractions or misdemeanors.” (Ibid.) Because the statutory language specifically authorizes conditional sentences for misdemeanors, and not felonies, I agree that defendant received a misdemeanor sentence when the trial court, with no further statement of intent, granted summary, or unsupervised, probation.
I write separately to urge the Legislature to authorize conditional sentences for felonies. Some cases, often because of a defendant’s criminal history, should remain felonies until the defendant successfully completes probation and petitions the court for relief. (See Pen. Code, § 1203.4.) In this era of dwindling resources, requiring a defendant to be supervised by a probation officer in order for a charge to remain a felony makes little sense. A sentencing court should have the flexibility to impress upon a defendant that a probation violation means a potential' prison sentence without straining a financially strapped criminal justice system.